# SUPREME COURT.

THE PEOPLE on the relation of JOHN SWINBURNE agt. MICHAEL N. NOLAN.

*Complaint — when defendant not entitled to have the complaint made more definite and certain — Bill of particulars — when may be ordered — Right of plaintiff who is ordered to sever bill of particulars on defendant's motion, to be allowed to serve other and additional bills — Code of Civil Procedure, section 546.*

In an action in the nature of a *quo warranto*, brought on the relation of a person claiming the office against a party who has usurped it, where the complaint alleged that at an election held in a city named, the relator, who was a party plaintiff with the people, was, by the greatest number of legal votes cast at such election, duly and legally elected mayor of said city for the term of two years, to commence on the first Tuesday of May, 1882; on motion by the defendant to make the complaint more definite and certain, and for a bill of particulars:

*Held,* that the complaint in this action is neither indefinite or uncertain. The title to an office depends upon the votes cast, and when a party avers in the pleading that he has received the greatest number of legal votes given at an election for such office he has, if he be eligible thereto, averred the existence of the only fact which makes him its incumbent.

Where a state of facts is relied on, it is enough to allege it simply, without setting out the subordinate facts which are the means of producing it or the evidence sustaining the allegation.

*Held,* also, that the defendant is entitled to a bill of particulars of the plaintiff's claim.

Bills of particulars may be ordered in all cases, and an application for such a bill is the appropriate proceeding when a party seeks to be fully apprised of the particulars or circumstances of time and place of the matters set forth in his opponent's pleading. A party in any and every action is entitled to know the particulars of the claim which he is to meet and this is necessary to the attainment of justice:

*Held*, further, that although the defendant is entitled to the order which he asks, such order should contain a provision giving the plaintiffs a right to move the court for leave to serve other and additional bills upon such terms as to the court hearing such applications may seem just and proper.

*Albany Special Term, May,* 1882.

MOTION by defendant to make this complaint more definite and certain, and for a bill of particulars.

*Edwin Countryman,* for defendant and the motion.

*Matthew Hale* and *A. S. Draper,* opposed.

WESTBROOK, *J.*— The complaint avers that at an election held in and for the city of Albany on the second Tuesday of April, 1882, "the above named John Swinburne was, as the plaintiffs allege upon information and belief, by the greatest number of legal votes cast at such election, duly and legally elected mayor of said city of Albany for the term of two years, to commence on the first Tuesday of May, 1882, and this action is brought upon the relation of the said John Swinburne. That notwithstanding the election of the said John Swinburne to said office by the greatest number of legal votes cast at said election, the defendant, Michael N. Nolan, has, as plaintiffs allege on their information and belief, usurped and intruded into, and now unlawfully holds and exercises within said city, the office of mayor of said city of Albany, and unlawfully claims and assumes to be the mayor of said city, and to have the right to exercise the duties of the office for the term of two years from the first Tuesday of May, 1882."

The relief demanded by the complaint is that the said John Swinburne may be adjudged to have been duly elected mayor of the city of Albany, as is therein averred, and that the defendant Nolan has no such right to hold said office of mayor after the first Tuesday of May, 1882, as he claims and pretends to have, " and that the plaintiffs may recover of the defendant the costs of this action, and that the defendant be evicted and excluded from said office, and be adjudged to pay to the plaintiff a fine of $2,000."

The affidavit of the defendant, upon which the present motion to make the complaint more definite and certain and for a bill of particulars is founded, alleges that at the charter election held in and for the city of Albany on the second Tuesday of April, 1882, all the votes cast for the office of mayor of said city, with the exception of two, were given either to the relator, John Swinburne, or to the defendant, Michael N. Nolan. That according to the official canvass of the votes cast for said office, and which canvass was in all respects conducted according to law, it was ascertained and declared that the defendant had received 9,339 votes, and the relator 9,221 votes. " That there are seventeen wards and thirty-eight election districts in the city of Albany, and a poll was held, and votes were received for the office of mayor at such charter election, in each and every of said wards and districts, numbering in the aggregate, as appears from the final canvass, 18,562, votes." That as the defendant " has no knowledge or information of the particular grounds, or reasons, or facts, on which the relator bases his claim, or allegation, in the complaint, that he ' was by the greatest number of legal votes cast at such election duly and legally elected mayor of said city of Albany,' * * * or what he intends or expects to prove in order to sustain such claim or allegation, and to overthrow the official canvass of the votes cast at said election, and the official determination and declaration lawfully made as aforesaid, that the defendant had been

duly elected mayor of said city," he asks that the complaint should be made more definite, and for a bill of particulars.

Is the defendant, upon the facts which have been stated, entitled to have the complaint made more definite and certain, and also to a particular statement of the facts upon which the plaintiffs rely to maintain their action?

*First.* Should the complaint be made more definite and certain?

A complaint in the precise form with the one in this case was held, in *The People ex rel. Crane* agt. *Ryder* (12 *N. Y.*, 433), good on demurrer.

· The same form was also adopted and used in *The People* agt. *Cook* (14 *Barb.*, 250 ; 8 *N. Y.*, 67), and in *The People* agt. *Thacher* (55 *N. Y.*, 525), and is the one in general use in actions of this character.

It is claimed, however, on the part of the defendant, that, though this form of complaint is good on demurrer, yet under section 546 of the Code, he is entitled to have it made more definite and certain. Is this claim well founded?

The section of the Code referred to reads as follows: " When one or more denials or allegations contained in the pleading are so indefinite or uncertain that the precise meaning or application thereof is not apparent, the court may require the pleading to be made definite and certain, by amendment." It can hardly be said that the complaint in this action is either " indefinite or uncertain." The title to an office depends upon the votes cast, and when a party avers in the pleading that he has received the greatest number of legal votes given at an election for such office, he has, if he be eligible thereto, averred the existence of the only fact which makes him its incumbent. It is true, that in making an averment in this general form, the party does not state all the circumstances upon which its truth depends, but in alleging that he has received the greatest number of legal votes given at an election, he has charged the existence of a fact, and it has been held (*Hyatt* agt. *McMahan*, 25 *Barb.*, 457), that,

" in alleging a fact, it is not necessary to state circumstances as merely tend to prove the fact," and also that an averment in the general form adopted in the complaint is the averment " of a fact, and not of a conclusion of law." Thus, also, in *Williams* agt. *Wilson* (8 *Adol. & Ell.*, 314), it was decided: " It is an elementary rule in pleading that, when a state of facts is relied on, it is enough to allege it simply, without setting out the subordinate facts, which are the means of producing it, or the evidence sustaining the allegation. Thus, in a case very familiar and about identical with the present, if a trespass be justified by a plea of highway, the pleader never states how the *locus in quo* became highway ; and if the plaintiffs claim that the *locus in quo*   *   *   *   had ceased to be such at the time alleged in the declaration, he simply puts in issue the fact of its being a highway at that time, without alleging the particular mode by which he intends to show, in proof, that it had before then ceased to be such."

But the precise point was held in *People* agt. *Ryder* (12 *N. Y.*, 433), before cited. The court, per MARVIN, J. (*page* 437), says : " The Code requires that the complaint contain a plain and precise statement of facts constituting a cause of action, without unnecessary repetition (*Section* 142). This rule is substantially as it existed prior to its enactment in actions at law. Chitty says, in general, whatever circumstances are necessary to constitute the cause of complaint, or the ground of the defense, must be stated in the pleadings, and all beyond is surplusage ; facts only are to be stated, and not arguments or inferences or matter of law, in which respects the pleadings at law appear to differ materially from those in equity (1 *Ch. Pl.*, 245). At page 266 he says it is a most important principal of the law of pleading that in alleging the fact it is unnecessary to state such circumstances as merely tend to prove the truth of it. The dry allegation of the fact, without detailing a variety of minute circumstances which constitute the evidence of it will suffice. The object of the pleadings is to arrive at a specific issue upon a given

and material fact, and this is attained, although the evidence of such fact to be laid before the jury be not specifically developed in the pleadings (*See Firth* agt. *Thrush*, 8 *B. & C.*, 387 ; *Dyett* agt. *Pendleton*, 8 *Cow.*, 728)."

From the extract just given from the opinion of MARVIN, J., in *The People* agt. *Ryder*, it is evident that the court of appeals have decided that so much of the defendant's motion as seeks the embodiment in the plaintiff's complaint of the specific facts which tend to prove the general fact therein alleged, that John Swinburne was, by the greatest number of legal votes, chosen mayor of the city of Albany, must be denied. A careful study of the whole opinion demonstrates this beyond any doubt whatever, and the allusion on page 440 to a motion of this character does not in the slighest degree sustain this branch of the present motion, but it refers only to the allegation of the time when the election referred to in the case cited was held.

The opinion of RAPALLO, J., in *Tilton* agt. *Beecher* (59 *N. Y.*, 176, *see page* 183), is also an authority directly against the application of the defendant in this case to have the plaintiff's complaint made more definite and certain ; but without any extended comment thereon, and contenting myself with a simple reference thereto, I proceed to examine the next branch of the present motion, which presents the question,

*Second.* Is the defendant entitled to a bill of particulars of the plaintiff's claim ?

Since the decision of the court of appeals in *Tilton* agt. *Beecher* (59 *N. Y.*, 176), just referred to, there can be no doubt as to the answer which this question requires. It was held by the court of appeals, in that case, that "bills of particulars may be ordered ' in all cases ' (*Code, sec.* 158), and an application for such a bill is the appropriate proceeding, when a party seeks to be fully apprised of the particulars or circumstances of time and place, of the matters set forth in his opponent's pleadings." A perusal of the entire opinion of judge RAPALLO will be profitable in this connection, for its

language, and the language of the cases cited, present much more forcibly and clearly the right of a party to be put in possession of the circumstances of facts upon which his adversary relies, than the extract from the reporter's syllabus of the case just given does.

The same doctrine was reasserted by the same court in the very recent case of *Dwight* agt. *Insurance Companies* (84 *N. Y.*, 493). In delivering the opinion of the court, and speaking of the power of courts to require bills of particulars in all cases and the propriety of its exercise, FOLGER, Ch. J. (*page* 503), says: " It is a power incident to the general authority of the court in the administration of justice. It is the same power, in kind, that courts have to grant a new trial on the ground of surprise. The latter is remedial and curative. The former is preventative. But both have the same purpose, to reach exact justice between the parties, by learning just what is the truth, and to learn what is the truth, by giving to each party all reasonable opportunity to produce his own proofs, and to meet and sift those of his adversary."

In ascertaining the extent to which the rule has been carried, the following cases may also be profitably consulted: *Diossy* agt. *Rush* (14 *J. & S.*, 374); *Steibeling* agt. *Lockhaus* (21 *Hun*, 457); *Leigh* agt. *Atwater* (2 *Abb. N. C.*, 419); *Mayor of New York* agt. *Marriner* (49 *How.*, 36). The rule is beyond all doubt firmly settled, that a party, in any and every action, is entitled to know the particulars of the claim which he is to meet, and that this is necessary to the attainment of justice. The application of this rule to the present case is manifest. The defendant alleges, and his allegation in this respect is not denied, that, according to the official canvass, there were cast, at the recent charter election in the city of Albany, for the office of mayor, 18,652 votes, of which number the same official canvass declared Michael N. Nolan received 9,339 votes and John Swinburne received 9,221. Notwithstanding such official declaration and count, the plaintiffs allege in their complaint that John Swinburne was, " by

the greatest number of legal votes cast at such election duly and legally elected mayor of said city of Albany for the term of two years, to commence on the first Tuesday of May, 1882." In bringing this action, it is assumed the plaintiffs have knowledge of the existence of certain facts which will make good this allegation of their complaint, and overthrow the official canvass and declaration of the result. Of the particulars upon which this claim is founded the defendant swears he is ignorant, and he therefore moves the court that such particulars should be furnished. Why should this request be denied? The decisions justify the motion. The court can readily see the importance of the impartation of the information sought, and the plaintiffs concede its propriety, by the facts stated in the opposing affidavit. Let us then examine the reasons urged upon the motion in opposition.

*First.* It is said that by proceedings instituted before the recorder of the city, the evidence in which has been published in the newspapers, the defendant has knowledge of what the claims of the plaintiffs are.

This, no doubt, is to a certain extent true, but learned counsel understand perfectly well that a defendant in an action, no matter how well he supposes himself to be informed of the circumstances of his adversaries' claim, is entitled to a formal statement of the particulars to and by which he shall be confined and bound upon the trial, and without the service of such statement in the manner prescribed by law, he is liable to be surprised.

*Second.* It is urged that many and grave frauds were perpetrated in the interest of the defendant at the charter election, to the existence of which Dr. Swinburne deposes, upon information and belief, and then adds, it is his "belief that the defendant has a great deal fuller and more accurate knowledge and information than I or my counsel have."

This general and sweeping allegation may be true, and upon its truth or falsity no opinion is expressed, but in the face of the defendant's sworn affidavit of merits, and of his entire

ignorance of the grounds of the plaintiff's procedure, learned counsel will hardly pretend that a court, administering justice according to the forms of law, would be justified in rejecting the application of the defendant upon any such assumption as the plaintiffs' affidavits set up.

*Third.* It is contended that the plaintiffs have not as yet obtained information of all the facts which they hope to prove upon the trial to establish their claim, but to the extent of the knowledge they possess, they are willing to furnish, and do furnish, particulars, by a bill tendered upon the argument, and will also furnish information of other facts as rapidly as they are ascertained.

There is a practical difficulty in the case growing out of this position, but the rule giving the right to a bill of particulars being conceded, it is not seen how the commencement of an action in advance of knowledge can abrogate it. The defendant is in law entitled to know the particulars of the plaintiffs' claim to guard him against surprise, and if his application to be thus informed can be defeated by his opponents' want of knowledge, the rule of law will be substantially overthrown.

Neither, on the other hand, would it be just to the plaintiffs to require a bill of particulars to be *now* furnished, which shall be complete and binding in every particular. The defendant is entitled to the order which he asks, but such order should contain a provision giving the plaintiffs a right to move the court for leave to serve other and additional bills upon such terms as to the court hearing such applications may seem just and proper. This provision as to future applications to serve additional bills of particulars is to be inserted because the court cannot now, in advance of an application to amend or extend a bill of particulars, determine the propriety and the terms thereof.

*Fourth.* Upon the argument of this motion, the plaintiffs' counsel served upon the defendant's attorneys, what they claimed to be a full and sufficient bill of particulars, and therefore it is urged that this motion should be denied.

A denial of the motion upon that ground, and an adjudication that the bill served upon the motion is sufficient, would be a decision of a question substantially unargued, for the reason that there was no time during the argument for defendant's counsel to examine it and discuss its merits. There can be no objection, however, to direct by the order to be entered, if the plaintiffs so desire, that such bill of particulars, delivered upon the motion, shall be deemed to be their bill of particulars served in compliance with such order. This provision will give to the plaintiffs the benefit of the service made, and will not preclude the defendant from taking such further or other action thereon as he may be advised.

The results of my deliberation upon this motion are, that the application to make the complaint more definite and certain is denied, and the application for a bill of particulars is granted. The order requiring such bill of particulars, however, is to contain the provisions indicated in this opinion. The costs of the motion will abide the event of the action.