JULIUS WITKOWSKI, Respondent, v. JAMES W. PARAMORE, Impleaded, etc., Appellant.

An order directing a bill of particulars is not reviewable here, unless it clearly transcends the power of the court granting it, as defined by the general course of practice in regard thereto.

The scope of such an order is ordinarily a question of discretion.

Plaintiff's complaint alleged in substance that he was the equitable owner of a claim which was assigned by L., the nominal owner, to defendants to be collected by them "for the account and benefit of plaintiff;" that defendants collected the same, but refused to pay over. Defendant P., who alone appeared, set up in his answer, among other things, that the claim was originally assigned to defendants by L. as collateral security for a loan and advances made to him by them, and thereafter was absolutely assigned in satisfaction of an indebtedness "for money loaned, advanced, expended and paid out" by defendants for L., and for a further consideration of $800. An order was granted requiring said defendants to furnish a bill of particulars of the alleged loans and advances, stating the date and amount of each, whether made by check or otherwise, and whether made to L. in person, if not, to whom, and by which of the defendants. Held, that the order was not broader than the court had the power to grant, and so, was not reviewable here.

(Argued October 2, 1883; decided October 9, 1883.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made March 30, 1883, which affirmed an order of Special Term requiring defendant Paramore to furnish plaintiff a bill of particulars "of all loans and sums of money alleged to have been advanced by defendant's firm * * * at the request of one Theodore Lichtenheim * * * including the date and amount of each payment, whether made by check or otherwise, and whether made to said Lichtenheim in person, and if not, to whom * * * also by what member of defendants' said firm such alleged payments, loans, advances and expenditures were made."

The complaint in the action alleged in substance that said Lichtenheim, in consideration of $800 paid to him by defendants' firm, transferred to them a claim or demand against the United States for $24,492.50, of which claim plaintiff was the real owner. That said transfer was made for the account and

benefit of plaintiff only, he agreeing to pay to defendants, for their services in collecting the same, ten per cent on the amount collected, and the said sum of $800. That defendants collected the claim but refused to pay to plaintiff the amount due him.

The answer, aside from a general denial, averred that the claim was first assigned by Lichtenheim to defendants " as collateral security for the repayment of all loans and sums of money advanced " to Lichtenheim by defendants' firm, and that afterward said Lichtenheim, being in debt to said firm " in a sum exceeding $15,000 with interest (the exact amount defendant being at the present time unable to state) for moneys loaned, advanced, expended and laid out by defendants' said firm, for the benefit and at the request of said Theodore Lichtenheim, which indebtedness he was unable to pay, for the further consideration of $800, to him paid by defendants' said firm, and of a release by defendants' said firm of such prior indebtedness, sold, transferred and assigned said contract and all his interest therein and thereto, and to the moneys then due or to become due thereon."

*Arthur Furber* for appellant. The order affects a substantial right and is appealable. (*Frederick* v. *Taylor*, 52 N. Y. 596; *People* v. *Tweed*, 5 Hun, 353; *Gee* v. *Chase Manuf. Co.*, 12 id. 630 ; *Butler* v. *Mann*, 9 Abb. N. C. 49.) The office of a copy "items of an account " is to apprise the adversary of the items of an account with which the pleader seeks to charge him, and hence can only be required where affirmative relief is sought by reason of said account, while "a bill of particulars of the claim of either party" is to more fully apprise the other side of matters and facts alleged where the pleading does not sufficiently inform him of the pleader's claims. (*Wigand* v. *De Jonge*, 18 Hun, 405; *Dwight* v. *Germania L. Ins. Co.*, 84 N. Y. 493; *Tilton* v. *Beecher*, 59 id. 176; *Stillwell* v. *Hernandez*, 7 Daly, 485 ; *Higenbotam* v. *Green*, 25 Hun, 216 ; *Stiebeling* v. *Lockhaus*, 21 id. 457; *Stenton* v. *Jerome*, 54 N. Y. 480 ; *Hoff* v. *Pentz*, 1 Abb. N. C. 288.)

The order was erroneous, because it requires defendant to furnish a bill of particulars, not only of the facts he expects to prove, but of the manner in which he expects to prove them. (*Seaman* v. *Low*, 4 Bosw. 337; *Strong* v. *Strong*, 1 Abb. [N. S.] 233; *Butler* v. *Mann*, 9 Abb. N. C. 49; *Orris* v. *Jennings*, 6 Daly, 434.)

*D. J. Dean* for respondent. The order is discretionary and not reviewable by this court. (Code of Procedure, § 531; *Tilton* v. *Beecher*, 59 N. Y. 176; *People* v. *Tweed*, 63 id. 194.)

*Per Curiam.* This was a proper case for requiring the defendant to furnish particulars of his claim. (*Dwight* v. *Germania L. Ins. Co.*, 84 N. Y. 493.) It is to be assumed on this appeal that the plaintiff will establish on the trial that as between himself and Lichtenheim, he was the equitable owner of the claim against the United States and entitled to recover the money collected thereon.

The answer, after setting forth that the claim was originally assigned by Lichtenheim to the defendant's firm as collateral security, alleges a subsequent absolute transfer by Lichtenheim to the firm in satisfaction of an indebtedness of more than $15,000 for moneys loaned, advanced, expended and laid out by defendants for the benefit, and at the request, of Lichtenheim, and the further consideration of $800 paid to him, and denies that the defendants had any notice that the plaintiff had any interest therein. This defense the defendants were bound to prove on the trial in case the plaintiff established his equitable ownership of the demand, or otherwise upon the admission in the answer that the claim was originally assigned to them by Lichtenheim as collateral security, they would be bound to account to the plaintiff for any surplus beyond their advances.

It was competent for the plaintiff to disprove the alleged absolute transfer. To meet this defense the plaintiff was entitled to be informed of the particulars of the alleged loans and advances in consideration of which, as alleged, the transfer was

made. The order for particulars required the defendants to state the time or times, and the amounts of the several advances, whether made by check or otherwise, and whether made to Lichtenheim in person, and if not, to whom, and also by what member of the defendants' firm.

It is claimed that the order is broader than it should have been. But we are of opinion that the court did not transcend its power in this respect. The scope of an order for particulars must ordinarily be a question of discretion, depending upon the circumstances. Such an order is not reviewable in this court, unless it clearly transcends the power of the court as defined by the general course of practice in respect to bills of particulars. The order in question calls for nothing except what is or may be presumed to be within the personal knowledge of the defendants. The requirement that the defendants shall disclose how the advances were made, and by and to whom, does not call for any disclosure beyond what may be fairly required to enable the plaintiff, who was a stranger to the transactions, to prepare to meet the defense. The case of *Dwight* v. *Germania L. Ins. Co.* (*supra*) sustained an order for particulars, which was quite as comprehensive and searching as the one in question, although relating to defenses of a different character.

We think the court had jurisdiction to grant the order, and the appeal should, therefore, be dismissed.

All concur.

Appeal dismissed.