By the Court.—Freedman, J.
The complaint alleges, three causes of action, viz.: 1st. Work, labor and services, of plaintiff’s assignor of the value of $1,800. 2d. Money had and received for -the use of plaintiff’s assignor,. $1,945.42. 3d. Money paid, laid out and expended by-plaintiff’s assignor at defendant’s request, to the amount, of $590.92.
The answer consists of a general denial as to each of' the causes of action, and the defense that the plaintiff’s-assignor has been fully paid for any services rendered or moneys paid, laid out or expended, and that the defendant has fully accounted for any moneys at any time-received by him for account of the plaintiff’s assignor.
Upon plaintiff’s motion for a bill of particulars concerning the alleged payments to, and accounting had. with plaintiff’s assignor, it was made to appear by the-affidavit of the plaintiff, that upon demand, he had furnished the defendant with a bill of particulars containing-the items and details of the causes of action set out in the complaint; that in such bill he had given to the defendant credit for every payment known to him to exist; that he has no knowledge or information as to the defendant having ever paid anything further than what he had been given credit for ; and that without a bill of particulars he will be in complete ignorance of the sums of money, items, dates, &c., by which the defendant will undertake-to prove his alleged payments to, and accounting had with, plaintiff’s assignor.
*450 These matters were not denied by any counter affidavit, and as it was apparent that the plaintiff could have no personal knowledge concerning the defendant’s alleged payments to, or the accounting had with, plaintiff’s assignor, a case was presented which called for the exercise of the discretionary power of the court within tho rule as laid down in Witkowski v. Paramore (93 N. Y. 467); Dwight v. Germania Ins. Co. (84 Ib. 493); Diossy v. Rust (46 Super. Ct. 374).
Under the circumstances as they appeared, the order requiring the defendant to give to the plaintiff a bill of particulars concerning the alleged payments to, and the accounting had with, plaintiff’s assignor, was a proper exercise of the power conferred, by section 531 of the Code of Civil Procedure.
The order appealed from should be affirmed, with ■costs, &c.
Sedgwick, Ch. J., concurred.