Barrett, J.
The plaintiff need not give the particulars of the injury to its good name and reputation and in its business and credit. These averments, as was said in Lane v. Williams (37 Hun, 388), may be sustained by proof of the malicious act without proof of specific instances. But the averment that the plaintiff has lost many sales and profits which it would have made in its business, but for the defendant’s acts—to wit, $5,000 or thereabouts— stands upon a different footing. That is an averment of special damage, which the plaintiff need not have made, but having chosen to make it, must particularize. The affidavit of the attorney that the plaintiff cannot give the particulars because the agent has them is of no force. The plaintiff acts through agents and can control them; *72 besides, the plaintiff’s officers should have told us that they could not control the agents and why not the attorney ?' The motion, in the particular mentioned, must be granted,, with costs to abide the event.
The order, entered directed service of a “ verified bill of particulars- " showing specifically all of the sales and profits that plaintiff has lost by '* reason of defendant’s alleged libels, as claimed and alleged in plaintiff’s “ complaint herein, giving the names of the persons whose custom has been "lostand their places of business respectively, and the times when and ‘ ‘ places where such losses have occurred, as well as the dates and amounts. " of any transactions or sales or orders which the plaintiff lost the benefit "of by reason of the defendant’s alleged libels and of the plaintiff’s losses- " thereon specifically.”