## THE GAS-WORKS CONSTRUCTION COMPANY OF PHILADELPHIA (Limited), Respondent, *v.* THE STANDARD GAS-LIGHT COMPANY and Others, Appellants.

*Bill of particulars — when a defendant will be required to disclose thereby the nature and extent of a "good and valuable consideration" alleged to have been paid—supplemental answer — when allowed.*

This action was brought by the plaintiff as the assignee of certain patents for improvements in hydro carbon gas generators, to set aside an assignment of a one-half interest therein, made by one Sherman; to whom an interest in the patents had been assigned to enable him to make, as an agent of the company, a sale of the patented invention for the city of New York.

It was alleged in the complaint that the said Sherman, in contravention of the authority given to him, assigned a half interest in the invention to the defendant Monheimer for a nominal consideration, who afterwards assigned the same to the defendant Andrews, who assigned it to the defendant corporation, and that these assignments were fraudulent in their character, and were made without consideration and with notice of the plaintiff's rights. The defendants admitted the assignments, but alleged them to have been executed and delivered for a good and valuable consideration, without stating or disclosing the particular nature or extent of that consideration.

*Held*, that an order directing the service of a bill of particulars, requiring the defendants to serve a statement, in writing, of the consideration paid, to whom paid and received, when, where and the amount, if in money, should be affirmed. *Witkowski* v. *Paramore* (93 N. Y., 467) followed.

The defendants, the corporation, and Andrews moved for leave to serve supplemental answers, alleging that they had assigned and transferred their interests under the assignments to them, back to the defendant Monheimer.

*Held*, that as these assignments were made after the service of the answers, and might have a material bearing upon the final determination of the rights of the parties, the defendants were entitled to an order permitting the service of the supplemental answers, and that the court erred in denying the motion.

Appeals by the Standard Gas-Light Company and Wallace C. Andrews from an order denying a motion for leave to serve supplemental answers, and appeals by the same defendants and Joseph A. Monheimer from an order directing the service of a bill of particulars, and motion by the plaintiff to dismiss the latter appeals.

*Gratz Nathan & J. W. Hawes*, for the appellants.

*De Lancy Nicoll & James B. Dill*, for the respondent.

DANIELS, J.:

The action has been brought to set aside and annul assignments of one-half of certain patents for improvements in hydro carbon gas generators. The plaintiff prosecutes the action as the assignee of the patentee, and employed Benjamin F. Sherman to make a sale of the patented invention, for the city of New York. To empower him to act in that capacity, an assignment of the patents to that extent was made to him, and he, as it is alleged, in contravention of the intended authority given to him, assigned a one-half interest in the invention to the defendant Monheimer for a nominal consideration, and Monheimer afterwards assigned the same interest to the defendant Andrews, and he assigned that interest to the Standard Gas-Light Company of the city of New York.

It is averred in the complaint that these assignments were fraudulent in their character and were made without consideration and with notice of the plaintiff's right and title to the invention. These defendants admitted the assignments, respectively, made to them, but alleged them to have been executed and delivered for a good and valuable consideration, without stating or disclosing the particular nature or extent of that consideration, and the order directed the service of a bill of particulars, requiring these defendants to serve a statement, in writing, of the consideration paid, to whom paid and received, when, where, and the amount, if in money.

Whether the assignments were made for a good and valuable consideration will probably prove a material subject of litigation and inquiry upon the trial. The existence of that consideration is contested by the plaintiff, and asserted by these respective defendants. What the order requires to be done is to apprise the plaintiff of the actual consideration paid for each of the assignments. It is not evidence that is wanted, but a statement of the facts of what the consideration will be alleged to consist, for which these respective assignments were executed and delivered. And that the court has the power to order a bill of particulars, or a particular statement, of the consideration which has been so generally averred and relied upon in the answer, was held in the case of *Witkowski* v. *Paramore* (93 N. Y., 467).

The statement which the order directs to be served will do no more than to apprise the plaintiff of the particular consideration for

which the assignments were executed and delivered, and that information is necessary to avoid surprise upon the trial, and to afford the plaintiff the opportunity of meeting or explaining the statement by evidence, so far as that may be in its power, if it shall afterwards become necessary, when the trial of the action shall take place. The order requiring the service of these particular statements seems to be justified by the circumstance that the plaintiff was not a party to either of the assignments, and they materially affect its rights and interests as owner of the inventions, and it can only obtain the information necessary to place it in a position to meet the averments made, by the service of the statements provided for in the order. And the propriety of requiring it has not been removed by the assignments of the controverted interest from the Standard Gas-Light Company to the defendant Andrews, and the assignment thereof from Andrews to the defendant Monheimer, for it may still be insisted by the latter upon the trial that these other defendants obtained a legal title under their assignments, and that he is entitled to be protected in the enjoyment of that title as their assignee.

The fact that the plaintiff is entitled to the statement of the particulars directed to be served by the order renders it unnecessary to consider the objection made that the defendants have deprived themselves of the right to appeal by obtaining an extension of the time to comply with the order for the service of the bill of particulars. That motion may therefore be dismissed, as it should be, without costs.

The application of the defendants, the Standard Gas-Light Company, and Wallace C. Andrews, for liberty to serve a supplementary answer, was made upon the ground that they had assigned and transferred their interests under the assignments to them, back to the defendant Monheimer.

These assignments were made after the service of the answers in the suit and may have the effect of exonerating these particular defendants from further liability after the execution and delivery of their assignments. It is not requisite that it be determined whether their assignments will be attended with that result or not. It is sufficient for the purposes of the litigation that they may have a material bearing upon it in the final determination of the rights of

the parties, and that is sufficient, under section 544 of the Code of Civil Procedure, to entitle them to an order permitting the service of their supplemental answers. By that provision the courts are required to permit such an answer to be served; alleging material facts which have occurred after the answer itself has been served to the plaintiff's complaint. The facts which have been presented bring the case within this section of the Code. The supplemental answers will work no legal injury to the plaintiff, but they may be of material benefit to all the parties in the litigation, for they will present a truthful statement of these additional facts, which it may prove important for the court to consider upon the final trial and hearing.

The order denying the motion for leave to serve the supplemental answers should be reversed, with ten dollars costs and also the disbursements, with liberty to the defendants to serve such answers on payment of the costs of opposing the motion within ten days after notice of this decision, and the order directing the service of the bills of particulars should be affirmed with the same costs and disbursements, and with liberty within the same time to serve the bills or statement of the particulars previously mentioned. And the motion to dismiss the appeals from the order for the bills of particulars should be dismissed.

Van Brunt, P. J., and Brady, J., concurred.

Ordered accordingly.