## McCARRON v. SIRE.

(*City Court of New York, Special Term.* July, 1888.)

1. PLEADING—BILL OF PARTICULARS—SUFFICIENCY.
    In an action for slander, a bill of particulars which states the persons in whose presence, and the places where, the alleged slander was spoken, is sufficient, and the exact time need not be stated.
2. SAME—VERIFICATION.
    Where the pleading setting up the cause of action is verified, a bill of particulars in reference thereto must also be verified.

Action for slander. Plaintiff served a bill of particulars stating the names, to the best of his knowledge and information, of the persons in whose presence the alleged slander was spoken, but not stating the place or places. This bill of particulars was not verified. Defendant now moves for a further bill of particulars, which should state the hour of the day when the alleged slander was spoken.

*George A. McDermott*, for plaintiff.    *A. J. Sire*, for defendant.

PITSHKE, J.   The power of the court to order a bill of particulars extends to all descriptions of action, whether on tort or *ex contractu*, and both as to matters of affirmative relief (in a plaintiff's complaint or defendant's counter-claim) and as to matters set up in a defendant's answer by way of "defense," or as a reason why judgment should not go against him.   The details may be required, and for non-obedience a proper disability or penalty may be affixed. *Dwight* v. *Insurance Co.*, 84 N. Y. 493, 502, 503, 506; *Kelsey* v. *Sargent*, 100 N. Y. 602, 3 N. E. Rep. 795; *Gross* v. *Clark*, 1 Civ. Proc. R. 464. The scope of the order is ordinarily a question of discretion. *Witkowski* v. *Paramore*, 93 N. Y. 467. As an "amplification" of the pleading, where verified, the particulars must likewise be verified. See Code Civil Proc. § 531; *People* v. *Nolan*, 63 How. Pr. 271. But the demand for and allowance of "particulars" ought not to be beyond the necessity of the case. To obtain an exposure of the adversary's case, the party applying must show he cannot fairly

determine the matter he is charged with, and so cannot prepare for trial for want of knowledge or information as to what questions of fact will be litigated. *Orvis* v. *Dana*, 1 Abb. N. C. 285, 286. In an action for slander of one's good name, and like cases, the plaintiff should furnish particulars, specifying the dates when, the places where, and in presence of what individuals, the alleged defamatory language was uttered. The exact time of the speaking is not very material. *Shaffer* v. *Holm*, 3 Civ. Proc. R. 85; *Stiebeling* v. *Lockhaus*, 21 Hun, 457, 459. When verified, the bill of particulars served, if the place of the alleged event be included, will be allowed as sufficient. Ordered accordingly No costs.