### BUTTERFIELD v. BENNETT.

*(Superior Court of New York City, Special Term.   April, 1892.)*

LIBEL—UNCHASTITY OF PLAINTIFF—BILL OF PARTICULARS.

    In an action by a woman for libel, published in a widely-read newspaper, imputing unchastity to plaintiff, defendant will not be entitled to a bill of particulars showing the names of persons who have shunned plaintiff in consequence of the publication, but defendant is entitled to know plaintiff's address in order to be better able to investigate her antecedents in case he wishes to set up justification.

Action by Mary L. Butterfield against James Gordon Bennett for libel published in the New York Herald imputing unchastity to plaintiff. Defendant moves for a bill of particulars. For other litigation between the same parties, see 8 N. Y. Supp. 910, 931.

*Drachman & Nelson,* for plaintiff.   *John Townshend,* for defendant.

GILDERSLEEVE, J. Although the publication herein complained of is actionable *per se,* and there exists no necessity of alleging or proving special damage, (Code, § 1906; *Moore* v. *Francis,* 121 N. Y. 199, 23 N. E. Rep. 1127; *Purdy* v. *Printing Co.,* 13 Wkly. Dig. 419,) still, inasmuch as the plaintiff has set up special claims, the defendant claims the right to have a bill of particulars of such special damages. The authority of the court to order a bill of particulars, and to determine its extent, is not questioned. *Witkowski* v. *Paramore,* 93 N. Y. 467; *Wigand* v. *Dejonge,* 18 Hun, 406; *McCarron* v. *Sire,* (City Ct. N. Y.) 3 N. Y. Supp. 659. If the plaintiff expects to be able to make proof of the fact that persons have refused, and still refuse, to buy from, sell to, or do business with her, or to have anything to do with her in her said business, or to give her credit, in consequence of the alleged libel, defendant is entitled to know who those persons are and their addresses, if plaintiff has them, in order to be prepared to meet that part of the case, as far as he may be able to do so, by proof upon the trial. *Infant Asylum* v. *Roosevelt,* 7 Civil Proc. R. 310; *American Multiple Fabric Co.* v. *Eureka Fire Hose Co.,* 18 Abb. N. C. 70. Defendant is also entitled to know such losses as the plaintiff has sustained and such gains as she has been prevented from making, in respect of which she expects to be able to make proof on the trial. *American Multiple Fabric Co.* v. *Eureka Fire Hose Co., supra.* But the defendant is not entitled to know the names of those who have shunned her in consequence of the publication, as the presumption is that if the publication charged was made in a widely-read newspaper, although untrue and libelous, it would naturally tend to bring plaintiff into disrepute, and lower

her in the estimation of her acquaintances and the general public. Defendant is entitled to know the present address of the plaintiff, in order to be better able to investigate her antecedents in case he intends to set up a justification. Defendant may also have 20 days from the service of the bill of particulars in which to answer.