### PEOPLE v. McCLELLAN et al.

(Supreme Court, Appellate Division, First Department. February 7, 1908.)

1. ELECTIONS—CONTEST—COMPLAINT—SUFFICIENCY.

In quo warranto to try title to an office in a city divided into nearly 2,000 election districts, the complaint alleging every kind of possible fraud and mistake to have been committed in each and every of these districts, was insufficient, and presented a proper case for a bill of particulars apprising defendant as to what particular districts it was expected to show that fraud or error was perpetrated, and the nature of the fraud or error claimed to have occurred in each district.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Elections, § 268.]

**2. SAME—RECOUNT OF VOTES.**

In quo warranto in which it is desired to open ballot boxes to recount or scrutinize the contents, before such boxes can be opened, it must be shown with reasonable certainty that they had been kept undisturbed and inviolate.

**3. SAME.**

Before any ballot box can be opened for a recount, there must be preliminary evidence tending to show some misconduct, omission, or error with respect to the counting or returns from the election district in which the box was used.

**4. SAME—APPEAL.**

In quo warranto proceedings to try title to an office, the court ordered plaintiff to file a bill of particulars, from which order no appeal was taken. On plaintiff's failure to comply with such order, defendant subsequently moved that plaintiff be precluded from giving any evidence of the allegations contained in certain subdivisions, and from an order denying this motion defendant appealed. *Held* that, the action being one of public interest and importance, the original order might be reviewed.

**5. SAME—COMPLAINT.**

In quo warranto to try title to an office, while plaintiff should specify the districts in which it is claimed that frauds and irregularities occurred and should be limited in his proof to the districts so specified, he should not be required in advance to state what will be disclosed upon a scrutiny of the ballots, as to the actual state of the votes in each district.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Elections, § 269.]

**6. SAME.**

In quo warranto to try title to an office, a paragraph in the complaint alleging that men were permitted to vote for defendant who had not registered, that men were permitted to vote and did vote more than once for defendant, said votes being counted as legal votes for him and so included in the returns, without giving any particulars, was insufficient, and, on plaintiff's failure to furnish a bill of particulars as required by an order of court, he should be precluded from giving evidence relative thereto.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Elections, §§ 267, 268.]

Appeal from Special Term.

Quo warranto by the people of the state of New York against George B. McClellan, impleaded with William R. Hearst. From an order denying the motion of defendant McClellan, he appeals. Reversed.

See 56 Misc. Rep. 123, 106 N. Y. Supp. 200.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Eugene L. Richards, Jr., for appellant.
Clarence J. Shearn, for the People.

SCOTT, J. The defendant McClellan appeals from an order denying his motion that the Attorney General, representing the plaintiffs, be precluded from giving any evidence of the allegations contained in paragraph or subdivision 6 of the amended and supplemental complaint; that he be required to more fully comply than he had done with the order of October 31, 1907, by giving further particulars of the allegations contained in paragraphs 5, 7, and 8 of the amended and supplemental complaint; that he be required to give further particulars of the allegations contained in paragraph 5 of said complaint; and that, in default of

giving such particulars, he be precluded from giving any evidence of any miscount of votes in any election district respecting which full particulars are not delivered. The action is in quo warranto brought by the Attorney General upon his own initiative, without the interposition of any relator, and has for its purpose the ousting of the appellant from the office of mayor of the city of New York, and the installation into that office of the defendant Hearst, who did not appear on the motion below, and takes no part in this appeal. The amended and supplemental complaint above referred to, which is unverified, charges that at the general election held in the city of New York on November 7, 1905, for the purpose of electing a mayor for the city, various frauds, irregularities and mistakes were committed in "each and every district" in the said city. It is alleged (par. 4) that ballots which were lawfully marked and cast for Hearst for the said office of mayor were counted as having been lawfully cast for McClellan, and so included in the returns; that (par. 5) ballots illegally marked either in the circle at the head of the Democratic column (in which McClellan's name appeared), or in the voting space in front of the name of McClellan, and by reason of said marking illegal and void, were counted as lawful ballots in favor of McClellan, and so included in the returns; that (par. 6) men were permitted to vote for McClellan who had not registered, and men were permitted to vote and did vote more than once for McClellan, said votes being counted as legal votes for McClellan, and so included in the returns; that (par. 7) the election inspectors failed and omitted to count and return as cast ballots that were lawfully marked and cast for Hearst; that votes were entered and embodied in the returns as having been cast for McClellan which had not been voted and cast at all. It is obvious that this complaint afforded no information to the present appellant as to what he would be required to meet when the case came to trial, and consequently afforded him no opportunity to properly prepare for trial. A proper case was therefore presented for a bill of particulars (People ex rel. Swinburne v. Nolan, 10 Abb. N. C. 271), and upon appellant's motion such a bill was ordered on October 31, 1907. The Attorney General made no attempt to comply with this order within the time prescribed therein, nor until a motion was made by appellant on December 4, 1907, that he be precluded from giving any evidence concerning the matters respecting which particulars had been ordered to be furnished. Upon this motion an order was made opening the default of the Attorney General, and giving him further time to serve a bill of particulars, and providing that he should be precluded from giving evidence, unless within a time stated in the order he should make and serve the verified bill of particulars directed by the order of October 31, 1907. In response to that order, he served a bill of particulars which covers many printed pages, but which does not fully comply with the requirements of the order of October 31, 1907. It is quite manifest that if the order now appealed from be allowed to stand, and the Attorney General be neither required to give further particulars nor be precluded from giving evidence concerning matters not particularized, the appellant will be in no better position than he was when the complaint was served, and the orders of October 31 and December 11, 1907, will be practically nullified.

The importance and propriety of a proper bill of particulars in the present case cannot be doubted. The city of New York is divided into nearly 2,000 election districts; and the complaint alleges every kind of possible fraud and mistake to have been committed in each and every of these districts. We are bound to assume that the Attorney General based his complaint upon some knowledge, or upon information which he deemed to be reliable, and that he is in possession of, or will be able to produce, evidence to sustain the allegations of his complaint with respect to at least a sufficient number of districts to overcome the declared majority in favor of the appellant. The latter should therefore be apprised as to what particular districts it is expected to show that fraud or error was perpetrated, and the nature of the fraud or error claimed to have occurred in each district. As is said by Mr. McCrary in his work on Contested Elections (4th Ed. § 437):

"It is not desirable to encourage groundless or frivolous contests. If the complainants have a solid basis for their complaints, they can readily specify the facts upon which they rely; and, if they have no such solid facts, it is better that they be not permitted to proceed."

In People ex rel. Swinburne v. Nolan, 10 Abb. N. C. 271, a motion was made for a bill of particulars in a case similar to the present, and the necessity and propriety of requiring such a bill to be furnished was very clearly pointed out. The appellant, having received, as the complaint concedes, a certificate of election, is entitled to stand upon that until his right to have received it is successfully impeached, and the burden of so impeaching it rests throughout upon the plaintiffs. The appellant, however, is entitled to know the nature of the attack that is to be made upon his title, and the points at which it is to be attacked, in order that he may properly prepare for trial, and guard himself against surprise. Especially necessary is it that he shall be informed of the particular election districts claimed to have been affected by fraud or error.

Owing, no doubt, to the policy which prevailed in this state from 1799 to 1896, that all ballots should be destroyed as soon as the count had been made and declared, we have few precedents in this state bearing upon the course and conduct of a trial in which it is desired to open ballot boxes and recount or scrutinize the contents. It is settled, however, upon the highest authority, that before any ballot box can be opened for such purpose it must be shown with reasonable certainty that it has been kept undisturbed and inviolate. People ex rel. Dailey v. Livingston, 79 N. Y. 279. And, although the burden of thus showing is cast upon the plaintiff, the defendant is entitled to an opportunity to controvert the evidence in that regard. It seems also to be well settled that before any box can be opened, there must be preliminary evidence tending to show some misconduct, omission, or error with respect to the counting or returns from the election district in which the box was used. This rule is laid down in McCrary on Elections (4th Ed. § 435), and is supported by a number of decisions in other jurisdictions than our own. Kneass' Case, 2 Parson's Eq. Cas. (Pa.) Select Cases, 571; Bertolet's Case, 3 Pa. Dist. R. 643; 15 Cyc. p. 429, and cases cited. In People ex rel. Dailey v. Livingston, supra, the late Judge Jasper W. Gilbert, who presided at the trial, ruled that the contents of no box could be

allowed to be recounted without preliminary evidence tending to show some misconduct on the part of the canvassers, or error or omission or evidence tending to that effect in the returns. Case on appeal on file in the library of the Bar Association. This ruling was referred to and quoted in the opinion in the Court of Appeals without express approval or disapproval. That court may be said, however, to have given its tacit approval because the case was sent back for retrial upon other grounds, and if the court, its attention having been called to the ruling, had disapproved, it would hardly have failed to so intimate to save error upon that ground upon the new trial. If that rule is to be applied on the trial of the present case, it is important in the interests of justice that the defendant should be specifically informed as to what districts it will be attempted to show fraud or irregularity to the end that he may be prepared, if the facts justify it, to rebut or controvert such proof. The plaintiff opposes the present motion mainly upon the grounds that the order required more precise and particular specifications than should have been required in an action like the present. It is urged, on the other hand, that the plaintiffs should not now be heard to question the form of the order for a bill of particulars, or to object to the precision and particularity of specifications called for by it; for, if the order was more stringent in these respects than it should have been, the remedy was by an appeal from that order, which remedy the plaintiffs omitted to pursue, and have permitted their time to appeal to expire. If this were a litigation merely affecting the parties to it, this court would be justified in holding plaintiff strictly to the terms of the original order. Weston v. Weston, 68 App. Div. 483, 74 N. Y. Supp. 38. The action, however, is one of considerable public interest and importance, and for that reason more latitude may properly be allowed than would be allowed in a purely private controversy.

The order for the bill of particulars contained five clauses or paragraphs. The first, fourth, and fifth clauses or paragraphs required the plaintiff to state particularly each election district wherein (1) ballots lawfully marked and cast for Hearst were counted as having been cast for McClellan; (2) the inspectors of election failed and omitted to count ballots that were lawfully marked and cast for Hearst; and (3) votes were counted for McClellan which had not in fact been voted or cast at all. It is also required that there shall be stated the number of each of the specified ballots cast in each district, and whether straight or split ballots, and the names of the inspectors of each district who committed the faults complained of. In response to these requirements, the Attorney General has served a long table or schedule, in which he has set forth by number a great many election districts in which he charges that one or other of the foregoing irregularities existed, without attempting to classify them as contemplated by the order. As to many of the districts, a statement is given as to the number of votes claimed to have been wrongfully counted or omitted from the count, and as to many others no such number is stated. In our opinion, while it is right and reasonable that the Attorney General should specify the districts in which it is claimed that frauds and irregularities occurred, and should be limited in his proof to the districts so specified, it would not be right

or reasonable to tie him down in advance to a statement of what will be disclosed upon a scrutiny of the ballots as to the actual state of the vote in each district. The purpose of the action is to determine the truth by the ascertainment of the facts according to law and the rules of evidence. When the plaintiff shall have laid the foundation for opening a ballot box, the fact as to what the vote actually was is to be determined by the ballots found in the box, and not by what the Attorney General may now guess, for he cannot know what will be found to be the fact. So far as concerns the particulars furnished under the three heads above recited, we are of opinion that the Attorney General has furnished all the information he should be required to furnish, but that he should be precluded from giving evidence as to frauds and irregularities in any other election district than those which he has specified. As to the charges in the sixth paragraph of the complaint as to voting by unregistered persons, and as to voting more than once by any person, no particulars whatever have been given, and no reason is suggested why such particulars should not be furnished. Whatever evidence there is on this subject is outside of the ballot boxes. Unless the appellant has such information, he will be powerless to prepare for trial upon this specification of fraud, and for lack of particulars the Attorney General should be precluded from giving any evidence under this paragraph of the complaint. It appears to be conceded that the bill of particulars sufficiently complies with the order in so far as concerns subdivision 5 of the complaint, which charges that illegally marked ballots were counted as legal ballots cast for McClellan. The Attorney General has verified his bill of particulars, and states that he is unable, further than he has done, to give with the particularity and precision required by the order for a bill of particulars any other or further bill, since full and complete information is only to be had from an inspection of the ballots contained in the several boxes containing the voted ballots of said election. We can readily see that, in the nature of things, this statement is probably quite accurate. It would be useless, therefore, to order a further bill of particulars.

It follows that the order appealed from must be reversed, and the appellant's motion granted, to the extent of precluding the plaintiffs from giving any evidence under paragraph or subdivision 6 of the amended and supplemental complaint, and further precluding them from giving any evidence of fraud, error, omission, or mistake as charged in paragraphs or subdivisions 4, 7, and 8 of said complaint, except with regard to the election districts specified in the first table or schedule in the bill of particulars, without costs to either party in this court. All concur.

LAUGHLIN, J. (concurring). In concurring with Mr. Justice SCOTT I deem it proper to make one or two observations. On the record before us it is not shown that there were common errors in the count, either through mistake or design, in a sufficient number of election districts to render it probable that such errors were committed in the districts not specified. In large cities inspectors of election usually receive, in advance of the election, instructions with respect to their duties from or by direction of the respective parties. This is calculated to result in uniform rulings on questions arising on the count and par-

ticularly concerning the validity of ballots. If, therefore, on the examination of the ballots, in the districts specified in the bill of particulars, on the trial errors in the count common to all or many districts should be discovered, I am of opinion that the plaintiff should be permitted to open all boxes containing the official ballots satisfactorily shown to have been preserved inviolate in the condition in which they were deposited therein by the inspectors on election night after completing the count, and in that event, to that end, plaintiff, on duly moving at Special Term to be released from the limitation in the order as modified by this court, should, I think, be accorded such relief.