## FOURTH DEPARTMENT, JUNE, 1933.

In the Matter of the Judicial Settlement of the Account of CLYDE E. SCHULTS, as Executor, etc., of CHARLES A. BIRD, Deceased.

(Claim of EVERETT S. COPELAND.)

PER CURIAM. In view of the stipulation that the estate of testator, without the asset, title to which is in dispute, is insufficient for the payment of debts, funeral expenses and expenses of administration, and the further stipulation that the ownership of such asset should be tried out after the ·proceeds thereof are brought within the jurisdiction of the Surrogate's Court, it is not proper to require appellant to assume the attitude of a general creditor by filing a verified claim. The executor has already recognized that appellant claimed the ownership of the mortgage note in question, and has stipulated the place and manner of trying the validity of that claim. By the stipulation referred to, the executor has elected to treat the notice heretofore served on him by appellant as a sufficient statement of the latter's claim. The order for the bill of particulars was within the discretion of the surrogate (Surr. Ct. Act, § 316), but since the claim or notice, which the executor accepted, was not verified, the bill of particulars need not be verified. (Rules Civ. Prac. rule 116.) All concur, Thompson, J., not voting. Order of August 6, 1931, as modified by the order of September 14, 1931, is further modified by striking out the provisions requiring the filing of a verified claim and the provision requiring the bill of particulars to be verified, and as so modified the order is affirmed, without costs of this appeal to either party.