ELLIOTT N. WALKER, an Infant under the Age of Fourteen Years, by LAZARUS WALKER, His Guardian ad Litem, and Another, Plaintiffs, *v.* GUISEPPE ESPOSITO and Another, Defendants.

Supreme Court, Special Term, Kings County, February 8, 1937.

*Gerald J. Friedberg,* for the plaintiffs.

*Hughes, Shurman & Dwight,* for the defendants.

HALLINAN, J. Motion by the defendants to compel the plaintiffs to serve a verified bill of particulars. It is conceded that the complaint herein was unverified but that the answer was verified, although it is not necessary to do so. The question presented for determination is whether or not the service of a verified answer to an unverified complaint entitles the defendants to demand that the plaintiffs verify their bill of particulars.

Rule 117 of the Rules of Civil Practice, as promulgated by an order of the justices of the Appellate Division of the Supreme Court, dated December 15, 1936, effective January 15, 1937, provides as follows: " If a pleading be verified, a bill of particulars or copy of the items of an account, also must be verified in the manner provided in the Rules of Civil Practice, sections 99 and 100."

Carmody's New York Practice [2d ed.], section 1111, page 2441, states: " If the pleading which a bill of particulars supplements is verified, the bill of particulars must be verified in like manner as a copy of an account is required to be verified."

The above statement is based upon rule 116 of the Rules of Civil Practice, which now is renumbered as rule 117. Rule 116 thus construed provided: " If a pleading be verified, a bill of particulars, directed to be allowed, also must be verified in like manner as a copy of an account is required to be verified by the provisions of Section 246 of the Civil Practice Act."

The movant contends that the words of the new rule 117, "If a pleading be verified," can only mean if any pleading be verified and had the intention of the justices been to limit the application of the rule to the verification of a bill of particulars, following a verified complaint or a verified counterclaim, they would have said so in clear and apt language.

I cannot agree with this contention; it falls of its own weight. If the justices of the Appellate Division had intended that a bill of particulars must be verified, though the pleading it supplements is not, they would have so stated. Moreover, both the new rule 117 and the old rule 116 (referred to in Carmody's New York Practice, above cited) begin with the identical clause: "If a pleading be verified," and there is nothing contained therein which establishes, even by inference, that the construction of this clause in the old rule was intended to be abrogated.

Accordingly, I hold that the bill of particulars in the case at bar supplementing an unverified complaint need not be verified though the answer is verified. (See *Matter of Bird*, 240 App. Div. 747.) Motion denied.