JOHN J. BUCKLEY, an Infant, by STEPHEN A. BUCKLEY, His Guardian ad Litem, and STEPHEN A. BUCKLEY, Respondents, v. THE FRANKLIN SAVINGS BANK IN THE CITY OF NEW YORK, Appellant.

First Department, November 17, 1939.

*William C. Olsen* of counsel [*E. C. Sherwood*, attorney], for the appellant.

*A. Mark Levien*, for the respondents.

COHN, J. The main question involved is whether plaintiffs are required to serve a verified bill of particulars though the complaint be unverified, when a verified answer is interposed by defendant.

The action is one for personal injuries. The complaint served was unverified. After issue was joined by the service of its verified answer, defendant made a demand upon plaintiffs for a verified bill of particulars. The latter did not move to vacate or modify the demand but served a bill which was unverified and which defendant contends otherwise failed to comply with the demand for a statement of the injuries sustained by the infant plaintiff, together with a description thereof, and the total amounts claimed as special damages. A motion thereafter made by defendant to preclude plaintiffs from offering upon the trial any evidence of the items,

for failure to serve a verified bill of particulars in accordance with the demand, was denied by the Special Term.

We think that the disposition was correct. The particulars set forth in plaintiffs' unverified bill adequately set forth the information demanded by defendant and to which it is entitled. Moreover, the service of an unverified bill of particulars was a compliance with the statute. Rule 117 of the Rules of Civil Practice provides: "If a pleading be verified, a bill of particulars or a copy of the items of an account, also must be verified in the manner provided in Rules of Civil Practice 99 and 100."

This language means that if a pleading be verified, a bill of particulars *thereof* or a copy of the items of an account *stated therein* also must be verified. This has long been recognized as the rule. (*Matter of Bird*, 240 App. Div. 747; *Manning* v. *Benedict*, 31 id. 51; *Walker* v. *Esposito*, 163 Misc. 473; *DeNell* v. *Rosenberg*, 167 N. Y. Supp. 619; *Brauer* v. *Oceanic Steam Navigation Co., Ltd.*, 26 App. Div. 623; more fully reported in 49 N. Y. Supp. 937.)

Rule 117 is derived from former rule 116, which was substantially the same in wording. Before the old rule 116 had been adopted, the Code of Civil Procedure (§ 531) contained a somewhat similar provision. In interpreting the former rule and the Code, the authorities were in accord that the verification of a bill depended on the verification of the pleading it particularized. (*McCarron* v. *Sire*, 3 N. Y. Supp. 659; *Manning* v. *Benedict*, *supra;* 3 Carmody's New York Practice [2d ed.], p. 2441.)

Our attention has been called to several unreported Special Term decisions which have held that a verified bill must be served by a plaintiff though the complaint be unverified, where defendant has served a verified answer. These rulings seem to have been based upon section 248 of the Civil Practice Act, which provides: "Where a pleading is verified, each subsequent pleading * * * must also be verified." Apparently, in these cases, it has been assumed that a bill of particulars is a pleading, and, as such, is one served subsequent to a verified answer. A bill of particulars is not in itself a pleading. It is merely an amplification of a pleading and forms part of the pleading, which it supplements. (*Harmon* v. *Peats Co.*, 243 N. Y. 473, 476; *Dwight* v. *Germania Life Insurance Co.*, 84 id. 493; *Matthews* v. *Hubbard*, 47 id. 428; *Bowman* v. *Earle*, 3 Duer, 691; *Ball* v. *Evening Post Publishing Co.*, 48 Hun, 149.) A bill of particulars is in no sense a subsequent pleading. It cannot perfect an improper pleading nor can it change the cause of action stated in the complaint. (3 Carmody's New York Practice [2d ed.], § 1115, p. 2446.)

Defendant contends, too, that since plaintiffs failed to move to vacate or modify the demand by defendant for a verified bill, as

required by subdivision a of rule 115 of the Rules of Civil Practice, they were thereby precluded from questioning the propriety of defendant's request and were obliged to serve a bill which was verified. An examination of rule 115 makes it clear that it only applies to a situation where a party upon whom a notice is served is unwilling to give a bill of particulars of his claim or a copy of the items of the account in whole or in part. It does not relate to a case where, as here, a demand is made for a verified bill, when the party making such demand is not entitled to receive a bill in that form. The defendant here had no right to a verified bill, and service of a demand for such a bill did not create the right where it had not theretofore existed.

It has been suggested that in actions for personal injuries a verified bill of particulars should be required though the pleading it amplifies be unverified. Such a rule might serve a very useful purpose. However, we are called upon to interpret the rule as it has been adopted. Under its present wording, plaintiffs were not obliged to serve a verified bill, nor in the circumstances of this case is defendant entitled to an order of preclusion.

The order should, accordingly, be affirmed, with twenty dollars costs and disbursements.

MARTIN, P. J., TOWNLEY, UNTERMYER and CALLAHAN, JJ., concur.

Order unanimously affirmed, with twenty dollars costs and disbursements.