In the Matter of the Intermediate Accounting of the SECURITY TRUST COMPANY OF ROCHESTER, as Trustee of a Trust Made by CHARLES M. THOMS and Others, Respondent. JANET T. INGERSOLL, Appellant. (And Seven Other Proceedings.)

Fourth Department, November 13, 1959.

*Forsyth, Gianning & Middleton* (*C. Benn Forsyth* of counsel), for appellant.

*Moser, Johnson & Reif* (*Richard G. Crawford* of counsel), for respondent.

*Per Curiam.* These consolidated proceedings were brought in Supreme Court for the judicial settlement of the several intermediate accounts of the respondent trustee pursuant to

the provisions of article 79 of the Civil Practice Act. Seven of the accountings relate to *inter vivos* trusts and the eighth to a testamentary trust.

The sole question presented upon the appeal is whether or not Special Term had the power to direct that the several appellants serve bills of particulars to the objections filed by them to the various accounts of the trustee. Special Term held that such power existed and we agree with that conclusion.

Prior to 1936 section 247 of the Civil Practice Act provided in substance that the court might direct a bill of particulars of the claim of either party to be delivered to the adverse party and upon default a preclusion order might be granted. In that year the section was repealed and a new section enacted providing that " The justices of the appellate division of the supreme court shall have the power to adopt, amend and rescind rules regulating the practice pertaining to bills of particulars and copies of the items of an account." (L. 1936, ch. 241.) Pursuant to this grant of power rule 115 of the Rules of Civil Practice was amended and detailed provisions enacted relating to bills of particulars. Insofar as here material, the rule provides that " Any party may require any other party to give a bill of particulars of his claim " by serving a written notice stating the items concerning which such particulars are desired.

When article 79 was added to the Civil Practice Act (L. 1943, ch. 611) one of the purposes thereof was to simplify the procedure relating to the settlement of the accounts of a trustee under an *inter vivos* trust and to make it comparable to the procedure in Surrogate's Court for the settlement of accounts of testamentary trustees. (See Ninth Annual Report of N. Y. Judicial Council, 1943, pp. 305–314; 42 Col. L. Rev., pp. 207–231.) Through the years it has been held that pursuant to the provisions of section 316 of the Surrogate's Court Act that court could require the service of bills of particulars in accounting and other special proceedings pending therein (Jessup Redfield, Surrogates Law and Practice, Vol. 1, § 264; Vol. 6, § 5163; *Matter of Bird,* 240 App. Div. 747; *Matter of Michelson,* 148 Misc. 753; *Matter of Mullin,* 143 Misc. 256, affd. 240 App. Div. 996, affd. 265 N. Y. 491).

The appellants contend, however, that a strict reading of rule 115 compels the conclusion that a bill of particulars may only be obtained in an action and not in a special proceeding such as this.

The rule should not be so narrowly construed. We do not enunciate a rule that such a bill may be required in every special proceeding. In the light, however, of the history of article 79 of

the Civil Practice Act and the purpose and intent of rule 115, we conclude that Special Term had ample authority to require the service of the bills of particulars.

The order should be affirmed.

All concur. Present — McCurn, P. J., Kimball, Williams, Bastow and Halpern, JJ.

Order affirmed, without costs of this appeal to any party.