EMILY B. BARTLETT, APPELLANT, *v.* T. ROMEYN BUNN, RESPONDENT.

*Privileged communications to an attorney — when made with intent that they be communicated to another they cease to be privileged.*

In an action to recover for money had and received it appeared that the defendant had applied the money to the payment of taxes upon land of which the plaintiff, the defendant and others, were tenants in common, and to prove his authority to do so he called one Stevens, an attorney-at-law, who was employed by the plaintiff in the business of the settlement and management of this joint estate, and asked him whether the plaintiff had directed him (Stevens) to tell the defendant to pay the taxes in question.

This was objected to by the defendant on the ground that it was a privileged communication.

*Held,* that as the communication was made for the purpose of being communicated to another it necessarily lost its privileged character; and as it was designed by the author for that purpose, she had expressly waived her right to object thereto as she would otherwise have been authorized to do by section 836 of the Code of Civil Procedure.

APPEAL by the plaintiff Emily B. Bartlett from a judgment and order entered, on the 21st day of October, 1889, in the office of the clerk of Montgomery county, after a trial in the Montgomery County Court on, appeal by T. Romeyn Bunn, the defendant, from a judgment rendered on the 6th day of May, 1889, by a justice of the peace of the city of Amsterdam, in said county, for twenty-three dollars and fifty-seven cents damages and costs in favor of the plaintiff, which judgment of the justice of the peace was reversed by the County Court, with costs.

*E. J. Maxwell,* for the appellant.

*C. S. Nisbet,* for the respondent.

MAYHAM, J.:

The action was for money had and received by defendant for the plaintiff. The answer was a denial, and a further allegation that all the money received by defendant for plaintiff was paid out by defendant, at plaintiff's request, on his liabilities.

On the trial the plaintiff introduced evidence tending to show that the defendant had harvested and sold hay from lands of which the plaintiff, defendant and others were tenants in common, and

that all the proceeds of the hay the defendant had paid out in taxes on the common property and insurance on the hay, except sixteen cents. The plaintiff contested the defendant's authority to pay the tax, on the ground that she had not authorized such payment.

To prove authority in fact from plaintiff to defendant, the defendant called one L. A. Stevens, who, as an attorney-at-law, was doing some of plaintiff's business in the settlement and management of this joint estate. The defendant then asked the witness, in various forms, if plaintiff had directed him to tell defendant to pay the taxes out of the proceeds of this hay. This was objected to by the plaintiffs, on the ground that it was privileged, and the objection was sustained and the answer excluded.

The justice rendered judgment in favor of the plaintiff and against the defendant for eighteen dollars and fifty-seven cents, and costs. The County Court reversed that judgment, and from the judgment entered upon such reversal the plaintiff appeals to this court.

Whether the defendant was authorized to pay the taxes on this common property out of the share of the proceeds of the hay belonging to the plaintiff was a material question in this case; and as the testimony offered bore directly upon that point, if competent, its exclusion was error, for which the County Court properly reversed the judgment of the justice.

The rule at common law was well settled that confidential communications made to an attorney by a client relating to a matter in which he was employed, or acting as an attorney, was privileged and could not be given in evidence. The substance of this rule was that all communications made by a client to his counsel for the purpose of professional advice or assistance are privileged, whether they relate to a suit pending or contemplated, or to any other matter proper for such advice and aid (*Williams* v. *Fitch*, 18 N. Y., 551); and whenever the communication made relates to a matter so connected with the employment as to afford presumption that it was the ground of the address by the client, then it is privileged from disclosure (*Britton* v. *Lorenz*, 45 id., 51; *Bacon* v. *Frisbie*, 80 id., 394); so a conversation heard by an attorney between his client and another relating to the business in which the attorney is engaged for his client is privileged. (*Root* v. *Wright*,

84 N. Y., 72.) And the substance of this rule is enacted in section 836 of the Code of Civil Procedure as follows: " An attorney or counselor-at-law shall not be allowed to disclose a communication made by his client to him, or his advice given thereon, in the course of his professional employment." But this prohibition may be waived by the client, and when the communication is made for the purpose of its publication or communication to another it necessarily loses its privileged character, and section 836 of the Code provides expressly for such waiver.

It follows, therefore, that when from the very nature of the communication it was designed by the author for another, and to be communicated to such other, it loses its character as privileged.

*In the Matter of the Will of Colman* (111 N. Y., 220), where the attorney who drew a will was requested by the testator to subscribe it as a witness, it was held to be a waiver of the privilege, for the reason that by the very nature of the communication made by the testator, he had made it the duty of the attorney to disclose the communication made to him on the probate of the will.

In the case at bar the question propounded, the answer to which was excluded by the justice, related to a communication required by the plaintiff to be made public, at least to be communicated to the defendant, and if we should assume that the witness was the attorney for the plaintiff in this matter (which, by the evidence, is by no means certain), still it is quite clear that whatever obligation to secrecy might be imposed by that relation, it was expressly waived when the communication was directed to be made to the defendant.

The learned county judge was right in reversing the judgment for the rejection of this offered evidence, and the judgment of the County Court must, for that reason, be affirmed, with costs.

LEARNED, P. J., and LANDON, J., concurred.

Judgment of County Court affirmed, with costs.