(68 App. Div. 483.)

WESTON v. WESTON.

(Supreme Court, Appellate Division, Fourth Department. January 21, 1902.)

BILL OF PARTICULARS—ORDER—PART COMPLIANCE—RESTRICTION OF PROOF.

    Where in an action for alienating of plaintiff's wife the court orders plaintiff to serve a bill of particulars, stating the particular times when plaintiff expected to prove that defendant had sexual intercourse with plaintiff's wife, and plaintiff complies therewith only in part, it is not error to preclude him from offering evidence as to times and places other than those stated in such bill.

Appeal from special term, Monroe county.

Action by Charles O. Weston against James P. Weston. From an order precluding plaintiff from offering evidence as to acts of adultery between his wife and defendant except as to certain specified times and places, plaintiff appeals. Affirmed.

The order entered directed that upon the trial of this action the plaintiff be precluded from giving any evidence of any act of adultery between the defendant and plaintiff's wife at any time or place except in the city of Buffalo on the 2d and 3d days of August, 1900, and at the Weston cottage, in the village of Charlotte, N. Y., on some day or days between May 15th and June 15th, 1899. The action was commenced on the 2d day of July, 1901, to recover damages alleged to have been sustained by the plaintiff because of the alienation of his wife's affections by the defendant. It is alleged in the complaint, among other things, that the defendant "did finally acquire an improper influence over the wife of said plaintiff, and did thereupon, at the cottage in the village of Charlotte known as the 'Weston Cottage,' seduce and have sexual intercourse with the wife of said plaintiff, and that such improper influence and such acts of adulterous intercourse have continued until the present day, at various places in the village of Charlotte, and in the cities of Rochester and Buffalo." On the 1st day of August, 1901, the defendant answered plaintiff's complaint, and denied all the allegations of wrongdoing on his part. Thereafter the defendant served upon the plaintiff's attorney a demand for a bill of particulars, which should state

the particular times and places at which plaintiff expected to prove that defendant had sexual intercourse with the plaintiff's wife. On the 13th day of September, 1901, pursuant to such demand, plaintiff's attorney served upon defendant's attorney what purported to be a bill of particulars, and in which it was stated: "That the plaintiff expects to prove that defendant had sexual intercourse with plaintiff's wife: (1) At the Weston cottage, in the village of Charlotte, N. Y., during the month of May, 1899, and after the 12th of said month, and at divers times thereafter; (2) at some place in the city of Buffalo, but at what particular place in said city the plaintiff is unable to show at this time, but which he expects to prove upon the trial of this action, on August 2d and August 3d, 1900; (3) on repeated occasions at No. 44 Clinton avenue south, in the city of Rochester, during the years 1899, 1900, and 1901, but at what particular dates plaintiff is now unable to state." The bill of particulars so served was not satisfactory to the defendant, and defendant's motion for an order directing the plaintiff to serve a bill of particulars which should state the particular times and places when and where the alleged adulterous intercourse took place came on to be heard. Upon reading the affidavits of the parties, and after hearing their respective counsel, the court made an order which directed: "That said motion for an amended bill of particulars be and the same is hereby granted; that plaintiff must serve upon the defendant's attorney, within ten days from the date of the filing of this decision, a statement in writing of the particular times at which he expects or intends to prove that any acts of adultery or criminal intercourse took place between the defendant and the wife of the plaintiff at the Weston cottage, in the village of Charlotte, during the month of May, 1899, and after the 12th day of said month; also a statement of the particular times at which he expects or intends to prove that any acts of adultery or criminal intercourse took place between the defendant and the wife of the plaintiff during the years 1899, 1900, and 1901, at No. 44 Clinton avenue south, in the city of Rochester." Such order was duly entered in the office of the clerk of Monroe county on the 30th day of September, 1901. Thereafter, and on the 7th day of October, 1901, pursuant to such order, the plaintiff served an amended or other bill of particulars, in which he stated: "He expects to prove that acts of adultery or criminal intercourse took place between the wife of the plaintiff and the defendant at the Weston cottage, in the village of Charlotte, on some day or days between May 15th and June 15th, 1899, but on what particular day or days the plaintiff is at this time unable to state. He is unable to state the particular times at which he expects to prove that acts of adultery took place between the wife of the plaintiff and the defendant at No. 55 Clinton avenue south, in the city of Rochester, at divers times between July 1st, 1899, and April 1st, 1900, and at No. 44 Clinton avenue south between April 1st, 1900, and July 1st, 1901." Thereafter a motion was made at special term for an order precluding the plaintiff from giving evidence of acts of adultery except at the city of Buffalo on August 2d and 3d in the year 1901, upon the ground that the second or amended bill of particulars served by the plaintiff was not in compliance with the order of the court entered on the 30th day of September, 1901. Such motion coming on to be heard, the order appealed from was duly made and entered. No appeal has been taken from the order of September 30, 1901, which directed that a bill of particulars be served by the plaintiff, and prescribed what such bill of particulars should contain.

Argued before McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

W. A. Sutherland, for appellant.

M. H. McMath, for respondent.

McLENNAN, J. Whether the order of September 30, 1901, which directed the plaintiff to serve a bill of particulars of the character therein specified, was properly or improperly made, cannot be determined upon this appeal, as that order has not been appealed from and is in full force and effect. While so in force and until re-

versed, it is conclusive upon the parties as to all matters determined thereby. That order determined that the defendant was entitled to know the particular times at which the plaintiff expected to prove that the defendant committed acts of adultery with plaintiff's wife. Apparently the plaintiff was satisfied with the order, and assumed to comply with its provisions. He, however, failed to do so, as determined by the order appealed from, and for such failure it was further determined by the order that certain proof could not be made by the plaintiff upon the trial of the action. The order appealed from only determined that the bill of particulars last served by the plaintiff was not a compliance with the order previously made, which directed that a bill of particulars be served, and because of that fact, because of the plaintiff's noncompliance, it was determined that he should not be permitted to give certain proof upon the trial of the action. So considered we think there can be no doubt as to the correctness of the order appealed from, for, clearly, the plaintiff did not serve the bill of particulars directed by the order of September 30, 1901, and that appearing it was entirely proper for the court to prescribe the penalty which it did because of the plaintiff's noncompliance with the order previously made by it. It is well settled that in an order directing a party to serve a bill of particulars specifying certain facts respecting his alleged cause of action it is proper that the order should contain a provision to the effect that if the party fails to comply with such direction proof may not be given in respect to so much of the alleged cause of action as involves such facts. Wilson v. Fowler, 44 Hun, 89. In Gross v. Clark, 87 N. Y. 272, it was held that, where a plaintiff refuses to obey the order of the court requiring him to furnish a bill of particulars, the court may, as a penalty, strike out his complaint in the action. In Gebhard v. Parker, 120 N. Y. 33, 23 N. E. 982, it was held that the proper practice in a case where a party fails to comply with an order directing a bill of particulars is to apply to the special term for an order limiting his proof in respect to the matters involved, so that when the parties come to the trial of the action they may know precisely what questions of fact are to be tried. In Wilson v. Fowler, supra, an order had been made, as in the case at bar, directing a bill of particulars to be served. Under that order what purported to be a bill of particulars was served, but in effect it contained no more than a repetition of the pleading, and was not such a statement as was required by the order. An order was then made which directed that the pleading be stricken out because the party failed to comply with the provisions of the previous order, and it was held that such order was fully warranted because of the first order, "which remained in full force at the time when the application was made and heard for the second order." The conclusion is reached that upon this appeal we are not permitted to consider whether the order of September 30, 1901, was properly or improperly granted, because not appealed from, and that, it being in full force and effect, and not having been complied with, the court was justified in imposing the penalty for noncompliance which it did by the order appealed from.

Order affirmed, with $10 costs and disbursements to respondent. All concur.