(86 App. Div. 159.)

## WESTON v. WESTON.

(Supreme Court, Appellate Division, Fourth Department. July 7, 1903.)

**1.** HUSBAND AND WIFE—ALIENATION OF WIFE'S AFFECTIONS — CRIMINAL CONVERSATION—PLEADING.

A complaint alleging that the defendant, contriving and wrongfully intending to injure the plaintiff and wrongfully to deprive him of the affections, society, and assistance of plaintiff's wife, did wrongfully plan and undertake to alienate the affection of the plaintiff's said wife, and did finally acquire an improper influence over her, and then, after alleging sexual intercourse by defendant with the wife, further averring that the improper influence of defendant over plaintiff's said wife has been so used by defendant that the love and respect of plaintiff's said wife for plaintiff has been wholly alienated and destroyed, and that plaintiff has been deprived of her society, states a cause of action for alienation of the wife's affections, whether or not the charge of criminal conversation is substantiated.

**2.** SAME—EVIDENCE—CONFIDENTIAL COMMUNICATIONS.

In an action for alienation of a wife's affections containing a charge of criminal conversation, the wife, as a witness for defendant, denied the illicit intercourse. Plaintiff testified that in his presence the wife wrote a letter to defendant containing an admission of the wrong, and that he mailed this letter to defendant. *Held*, that a copy of this letter in the wife's handwriting was admissible to contradict her, and, it being addressed to defendant, it was error to exclude it as a confidential communication within Code Civ. Proc. § 831.

**3.** SAME—LETTERS—COPY.

The original being the communication, the copy was competent for any purpose for which the original might be received, and did not acquire a privileged character because retained by the plaintiff.

Appeal from Trial Term, Monroe County.

Action by Charles O. Weston against John P. Weston. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

William A. Sutherland, for appellant.
W. H. McMath, for respondent.

SPRING, J. The learned trial judge during the trial and also upon the motion for a new trial treated this action as one of criminal conversation only. In this, we think, he erred. The complaint alleges that the defendant, "contriving and wrongfully * * * intending to injure the plaintiff and wrongfully to deprive him of the affections, * * * society, * * * and assistance of plaintiff's wife, did wrongfully plan and undertake to alienate the affection of the plaintiff's said wife, * * * and did finally acquire an improper influence over" her, and then alleges sexual intercourse with the wife of the plaintiff. Further, that "the improper influence of defendant over plaintiff's said wife has been so used by defendant that the love, affection, and respect of plaintiff's said wife for plaintiff has been since said September 11, 1899, wholly alienated and destroyed"; "that by reason of the premises" the plaintiff has been wrongfully deprived of the comfort and society of his wife, and his home has been made desolate. This complaint, while perhaps con-

taining sufficient for an action of criminal conversation, includes also all the essential elements of a complaint for the alienation of the affections of the wife. Hollister v. Valentine, 69 App. Div. 582, 75 N. Y. Supp. 115. To paraphrase, the complaint charges that the defendant intentionally undertook to estrange the wife of the plaintiff from him, and by the exercise of improper influence accomplished his purpose. One of the means by which this design was effected was the carnal connection with the wife. The prominent charge in the complaint is that the defendant has weaned from the plaintiff the love and affection which the wife had hitherto entertained for him, and consequently deprived him of the chief blessing of the married state.

The essence of the marriage contract is the conjugal fellowship following its consummation. If one wrongfully entices away the wife of another, he is liable to respond in damages to the husband for the injuries sustained by the latter in the deprivation of the society and comfort of his wife. Sexual intercourse is not a necessary element of this action, although it is quite apt to accompany the enticement, and is an aggravation of the damages inflicted. The pith of the action for the alienation of affections of the wife is the loss of her society—of consortium—by the husband without justifiable reason. Kujek v. Goldman, 150 N. Y. 176-180, 44 N. E. 773, 34 L. R. A. 156, 55 Am. St. Rep. 670; Billings v. Albright, 66 App. Div. 239, 73 N. Y. Supp. 22; Barnes v. Allen, *40 N. Y. 390, 394; Heermance v. James, 47 Barb. 120. "The basis of the action is the loss of consortium, or the right of the husband to the conjugal society of his wife." Bennett v. Bennett, 116 N. Y. 584, 587, 23 N. E. 17, 6 L. R. A. 553.

The plaintiff's wife, as a witness for the defendant, denied adulterous intercourse with said defendant. The plaintiff had testified that his wife, in his presence, wrote a letter addressed to the defendant at the latter's residence, acknowledging criminal connection with him, and insisting that he must have no further intercourse of any kind with her. The plaintiff further testified that he mailed this letter to the defendant, who denied receiving it, and it was not produced upon the trial. For the purpose of contradicting the wife, a copy of this letter in her handwriting was offered in evidence, but excluded on the ground it was a confidential communication to her husband. Code Civ. Proc. § 831. If the plaintiff's version of the transaction is correct, the letter was addressed not to him, but to the defendant. A communication is not confidential which the person making intends to be disclosed. Rosseau v. Bleau et al., 131 N. Y. 177-183, 30 N. E. 52, 27 Am. St. Rep. 578; Doheny v. Lacy, 168 N. Y. 213-223, 61 N. E. 255; Bartlett v. Bunn, 56 Hun, 507, 10 N. Y. Supp. 210. The wife was presented as a witness on behalf of the defendant, and was not exempt from any reasonable cross-examination tending to impeach her testimony. If she had made oral declarations to others contrary to her sworn statements, the plaintiff would have been entitled to prove them to discredit her. The controversy had been largely directed to the charge of her alleged illicit connection with the defendant, and she denied this accusation. If the letter was written by her, and to the defendant, it was a disclosure to him that she had revealed their criminal relations to her husband, and, like any admission, was com-

petent as impeaching testimony. Its exclusion, therefore, deprived the plaintiff of evidence which may have been important.

The copy offered was competent, because the original, if full credit was to be given to the plaintiff's testimony, was in the possession of the defendant, thus rendering secondary proof of its contents admissible. The letter itself was the communication, and the fact the copy was retained by the plaintiff did not impart any privileged character to that copy. Its admissibility depended upon the competency of the letter mailed.

We have re-examined the questions involved in the decision of this court in Weston v. Weston, 68 App. Div. 483, 74 N. Y. Supp. 38, in the light of the authorities cited on the brief of the counsel for the appellant, but adhere to the conclusion then reached. The authorities cited in the opinion fully support the decision. The judgment and order should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial granted on questions of law only, with costs to the appellant to abide the event. All concur.