(128 App. Div. 801.)

## HANOR v. HOUSEL.

(Supreme Court, Appellate Division, Third Department.　November 11, 1908.)

1. HUSBAND AND WIFE (§ 332*)—ALIENATION OF AFFECTIONS—COMPLAINT.
   A complaint *held* to state a cause of action for the alienation of the affections of plaintiff's wife and not for criminal conversation.
   [Ed. Note.—For other cases, see Husband and Wife, Dec. Dig. § 332.*]

2. WITNESSES (§ 190*)—CONFIDENTIAL COMMUNICATIONS—HUSBAND AND WIFE.
   In an action for alienation of a wife's affections, the court properly excluded the affidavit of the wife, and also conversation between her and plaintiff which tended to show that defendant had criminal intercourse with her, under Code Civ. Proc. § 831, forbidding disclosure by a husband or wife, without the consent of the other, if living, of a confidential communication by one to the other during marriage.
   [Ed. Note.—For other cases, see Witnesses, Dec. Dig. § 190.*]

3. EVIDENCE (§ 123*)—RES GESTÆ—DECLARATIONS OF WIFE—ALIENATION OF AFFECTIONS.
   In an action for alienating a wife's affections, a conversation between her and plaintiff as to improper relations between her and defendant was not part of the res gestæ.
   [Ed. Note.—For other cases, see Evidence, Dec. Dig. § 123.*]

4. HUSBAND AND WIFE (§ 324*)—ALIENATION OF AFFECTIONS—EVIDENCE.
   The mere fact that plaintiff's wife maintained improper relations with defendant is not sufficient to support an action for alienation of affections, but some active interference on the part of defendant must be shown.
   [Ed. Note.—For other cases, see Husband and Wife, Dec. Dig. § 324.*]

5. NEW TRIAL (§ 131*)—MOTION—NEWLY DISCOVERED EVIDENCE—APPLICATION —CASE—CONTENTS.
   Code Civ. Proc. § 997, requiring a motion for a new trial of an issue of fact to be made on a case which presents the evidence given on the first trial, is imperative.
   [Ed. Note.—For other cases, see New Trial, Cent. Dig. § 265; Dec. Dig. § 131.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**6. New Trial (§ 143\*)—Affidavit of Jurors—Impeachment of Verdict.**
   The testimony of a juror cannot be received to show irregularity or misconduct on his own part or that of his fellows.
   [Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 290–296; Dec. Dig. § 143.\*]

   Kellogg, J., dissenting.

Appeal from Trial Term, Chemung County.

Action by Welcome A. Hanor against Smith Housel. From a judgment for defendant and from an order denying a motion for new trial plaintiff appeals. Affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

James A. Seabring, for appellant.
H. H. Rockwell, for respondent.

SEWELL, J. The action was brought to recover damages against the defendant for alienating the affections of the plaintiff's wife. The appellant claims that the judgment and order should be reversed for errors in rejecting evidence, for errors in instructing the jury, for newly discovered evidence, and the improper conduct of the jury.

The complaint alleges: That the defendant, "prior to August 15, 1907, became acquainted with the plaintiff's said wife, and that thereupon he wrongfully and unlawfully began to pay improper attention to the plaintiff's said wife, and began a course of conduct towards her with the wrongful and unlawful intention and purpose of alienating her affections from the plaintiff, her husband, and winning them himself, and that from that time on said defendant continued to bestow upon her various attentions in order to accomplish his said improper purpose. That he would frequently meet the plaintiff's said wife at the plaintiff's said store, and other places, and would engage in conversation with her, and that by undue and improper attentions and by means of flattery and other acts and wiles he continued from the time he formed the said improper and wrongful purpose, down to the time of the commencement of this action, to do the said improper and wrongful acts and things. That, among other things, he began to importune and urge the plaintiff's said wife to have and maintain improper relations with the defendant and to go with him to various places for that purpose. \* \* \* That the said defendant did wrongfully and unlawfully accomplish his said improper purpose, and did deprive the plaintiff of the said comfort, society, aid, and assistance of his said wife, and did alienate and destroy her affections for him." And then alleges sexual intercourse with the wife, and "that, by reason of the premises and of the said wrongful and unlawful acts of the said defendant, the said affections which, prior to the said wrongful and unlawful acts of the defendant, his said wife entertained for him, have become wholly alienated and destroyed, and he and his wife have by reason thereof become separated, and his home has become broken up, and he has wholly lost the said comfort, society, aid, and assistance of his wife."

---

I agree with the learned trial justice that the complaint states a cause of action for the alienation of the affections of the plaintiff's wife, and no other. The sexual intercourse, between the wife and the defendant, is not alleged as an injury, but as one of the "other things" or means by which the defendant accomplished "the wrongful and unlawful intention and purpose of alienating her affections from the plaintiff." The gist of this action is the loss of comfort, society, aid, and affection of the wife, to which the husband was entitled by virtue of the marriage contract. The illicit intercourse, undue and improper attention, flattery, and other acts and wiles are merely the alleged instruments by which the loss was occasioned. In order to maintain the action, it was only necessary for the plaintiff to prove his marriage, and that the defendant alienated the affections of his wife, by any one or more of these acts. This view is strengthened by the decision of Weston v. Weston, 86 App. Div. 159, 83 N. Y. Supp. 528, where a similar complaint was held to state a cause of action for alienation of the affections of the plaintiff's wife, and the criminal conversation to be alleged in aggravation of the damages inflicted. It is apparent therefore that the court did not err in stating to the jury that the action is for the alienation of affections. It is equally clear that the court did not err in excluding the affidavit of the wife, or that part of the conversation between her and the plaintiff which tended to show that the defendant had had criminal intercourse with her. They were not only confidential, but they were apparently induced by the marital relation and clearly within the prohibition of section 831 of the Code of Civil Procedure, which provides:

"A husband and wife shall not be compelled, or without the consent of the other if living, allowed to disclose a confidential communication made by one to the other during marriage."

There is no force in the claim of the appellant's attorney that the evidence was a part of the res gestæ. The mere fact that the wife had or maintained improper relations with the defendant is not sufficient to support the action. In order to maintain the action, there must have been some active interference upon the part of the defendant. The evidence must show that he wrongfully induced the wife to abandon the plaintiff. There is an obvious distinction between this case and one where the declarations of the wife were voluntary and spontaneous, and sprang out of the principal fact, and tended to explain it. Buchanan v. Foster, 23 App. Div. 542, 48 N. Y. Supp. 732; Whitman v. Egbert, 27 App. Div. 374, 50 N. Y. Supp. 3.

I am also of the opinion that the motion made by the plaintiff for a new trial on the ground of newly discovered evidence, and for the misconduct of certain members of the jury, was properly denied. The rule is imperative that a motion for a new trial on the ground of newly discovered evidence can only be made on a case which presents the evidence given on the first trial. Code Civ. Proc. § 997.

I think that the learned trial court was justified in presuming that the misconduct, if there was any, did not produce injury to the plaintiff. However that may be, there was no competent proof before the court on which he could have granted the application. It did not ap-

pear that the jurors read the article published in the newspapers, except by their own testimony, and it is well settled that the affidavit or admission of a juror cannot be received to show irregularity or misconduct on his own part or that of his fellows. Haight v. City of Elimira, 42 App. Div. 391, 59 N. Y. Supp. 193; People v. Gallagher, 75 App. Div. 39, 78 N. Y. Supp. 5.

It follows that the judgment and order should be affirmed, with costs.

CHESTER and COCHRANE, JJ., concur.

SMITH, P. J. (concurring). If this be deemed an action for damages for criminal conversation, the wife was not a competent witness. It is insisted, however, by the defendant, that this is not an action for criminal conversation, but is a separate and distinct action, one for alienation of affections, in which the adultery between the defendant and plaintiff's wife is alleged and sought to be proven in aggravation of damages. The reason why a wife is not a competent witness against the defendant in an action for criminal conversation is that public policy should not permit an action to be based upon collusion between husband and wife. If, however, by adding a few allegations of alienation of affections, a husband can change his action from one for damages for criminal conversation to one for damages for alienation of affection, and in this way make the wife a competent witness, it is a very simple thing to avoid the prohibition of the right of the wife to swear against the defendant in an action for criminal conversation. This the law should not tolerate, and I am convinced that the charge of the trial judge was erroneous when he told the jury that the wife was a competent witness for the plaintiff.

But this question was only incidentally in the case. It did not touch the question of the right of the plaintiff to recover in the action. The plaintiff's wife was living with her husband at the time, although not sustaining the marital relation. It may be assumed for the argument that she was present with him at the trial. The plaintiff had sought to get before the jury her declarations of her improper relations with this defendant. He did not call her to the stand to swear to them, and it is apparent from the record that the plaintiff's attorney claims as an excuse for failing to call her that she was an incompetent witness in his behalf. Whether or not the law permitted her to be sworn in plaintiff's behalf was only relevant in the case as bearing upon any presumption that might be indulged in against the plaintiff by reason of having failed to call upon her to testify. It was apparent, however, that plaintiff's attorney understood that he was not permitted to call her as a witness. His understanding of his right had apparently been stated clearly before the jury. Whether or not he had the right to call her as a witness if he otherwise understood any presumption that would arise against him for failing to call her would seem to be negatived; but, further, when this ruling was made, the case had not been submitted to the jury. Plaintiff might then have offered to put her upon the stand and have claimed his misunderstanding of his rights as an excuse for the tardiness of his offer. It is no answer to say that

the court would probably have refused at that late stage of the trial to have opened up the case to allow the plaintiff to swear the witness. The mere offer to swear her and request for permission would have proven his good faith in his position that he was assuming that he was without right to avail himself of her testimony, and would have completely rebutted any inference that the defendant sought to draw from his failure to call her to the stand. The record does not inform us whether he would have sworn this witness if he could, or whether he desires a new trial for the purpose of producing her testimony. The application for a new trial by reason of this erroneous ruling should rather be an application for a new trial on the ground of surprise. Such an application, however, would find a complete answer in his failure to avail himself of the opportunity which he had at the time the ruling was made to repair any harm which he claims to have suffered by reason of the erroneous ruling. I agree with Mr. Justice SEWELL that the affidavit was incompetent evidence, as were the declarations of the plaintiff's wife which were excluded by the trial court, and I vote for an affirmance of the judgment.

JOHN M. KELLOGG, J. (dissenting). The evidence upon the plaintiff's part tended to show that the defendant had by persuasion caused his wife to leave her home and meet him at a house of assignation in Elmira, and, if any cause of action was proved, it was one for criminal conversation. It was a fair question of fact whether the plaintiff had established a cause of action or not. It was therefore error for the court to charge the jury, over the plaintiff's exception, that the action was for alienation of affections, and not for criminal conversation, and that therefore the wife was not precluded from being a witness in favor of the plaintiff. Under section 831 of the Code of Civil Procedure, the wife was a competent witness in favor of the defendant, but not in favor of the plaintiff.

The charge was therefore prejudicial, and calls for the reversal of the judgment.