THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT W. LINFANTE, Respondent, v. SALLY LINFANTE, Appellant.— Order awarding custody of the child to the father affirmed. Appeal from order denying motion for reargument dismissed, without costs. No opinion. Kelly, P. J., Rich, Manning, Kelby and Young, JJ., concur.

DAVID ALLAN REVERAND, an Infant, by LIONEL REVERAND, His Guardian ad Litem, Respondent, v. SELIG MILKOWITZ, Appellant.— Judgment and order unanimously affirmed, with costs. The injury left a groove in the infant's skull, sufficiently manifest to permit a finding of permanence. And a like finding could be based upon the proof of a twitching of the neck and shoulders, in view of the further testimony that only a " filling in " of the old aperture might possibly cure such twitching. The giving of the hospital record of the former injury to the jury together with the later record was probably an inadvertence. In view of the indiscriminate use made upon the trial of both records, it was the duty of defendant's counsel to examine them and object to the jury taking the former record at that time, and not after verdict. Moreover, the former hospital record is not before us, and it may well be that nothing more in effect was stated therein than was conceded at the trial, namely, that there had formerly been a fracture of the skull which left an opening in the bone. Present — Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ.

LILY V. P. ROSENFELD, Respondent, v. SAMUEL MEADOW, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Jaycox, Kelby and Young, JJ.

JACOB STARR, Appellant, v. MORRIS ROTH and Another, Respondents.— Determination of the Appellate Term unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ.

DOROTHY TEPPER, as Administratrix, etc., of HERMAN TEPPER, Deceased, Respondent, v. THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, Appellant.— Judgment and order affirmed, with costs. No opinion. Manning, Young and Kapper, JJ., concur; Kelly, P. J., and Jaycox, J., dissent upon the ground that this case cannot be distinguished from *Shanks* v. *Del., Lack. & West. R. R.* (239 U. S. 556).

TRANSCONTINENTAL ENGINEERING CORPORATION, Appellant, Respondent, v. ROLAND R. CONKLIN, Respondent, Appellant.— Judgment reversed on the law, and new trial granted, with costs to abide the event. The record shows (folios 226–317) that when plaintiff's attorney attempted to examine the witness Hume as to facts and circumstances, acts and declarations of the defendant, done and made not only in the presence of the witness but in the presence of third persons, and also concerning instructions given to Hume, the witness, to be communicated to third persons, the court refused to allow the inquiry; and at folios 254 and 255 made a general ruling excluding all such proof. This action of the trial court in thus excluding the testimony offered by plaintiff was erroneous. Some part of the testimony may have been privileged, but the court's ruling in excluding it as a whole was entirely too broad. (See *Doheny* v. *Lacy*, 168 N. Y. 213; *Coveney* v. *Tannahill*, 1 Hill, 33; *Whiting* v. *Barney*, 30 N. Y. 330; *Britton* v. *Lorenz*, 45 id. 51; *Bartlett* v. *Bunn*, 56 Hun, 507.) The main judgment having been reversed, the other appeals from intermediate orders fall, and are accordingly dismissed, without costs. Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ., concur.