CLARENCE K. EVANS, Appellant, v. VINCENT F. MORGAN, Respondent. (Action No. 2.) — Judgment and order reversed on the law, with costs, and motion denied, with ten dollars costs. The complaint in the first action states a cause of action for alienation of affections, and the mere fact that criminal conversation is alleged in aggravation of damages, makes it none the less an action for alienation of affections. (*Hanor* v. *Housel*, 128 App. Div. 801.) The complaint in the present action states a cause of action for criminal conversation. Plaintiff is entitled to maintain both (*Hollister* v. *Valentine*, 69 App. Div. 582), and it follows that at the time of the institution of the present action there was no other action pending between the same parties for the same cause. Kelly, P. J., Rich, Jaycox, Manning and Young, JJ., concur.

In the Matter of the Application of KATHERINE E. AUSTIN, Appellant, for a Mandamus Order against HARRY F. BITZ, as Building Inspector of the Village of Port Chester, Respondent.— Final order denying mandamus unanimously affirmed, with costs. We think the appellant has mistaken her remedy, and that application should have been made to the village trustees for the relief here sought. In case of refusal of such relief, certiorari proceedings could be instituted. Present — Kelly, P. J., Rich, Jaycox, Manning and Young, JJ.

In the Matter of the Judicial Settlement of the Account of Proceedings of the BANK OF NEW YORK AND TRUST COMPANY, as Executor, etc., of RICHARD W. GELDART, Deceased, etc.— Decree of the Surrogate's Court of Kings county modified by striking out the provision directing the trustee to retain in its hands the sum of $1,500 for the purpose of paying taxes subsequently imposed, and substituting in place thereof a provision directing the trustee to repay to itself as executor any amounts necessary to pay taxes subsequently imposed; and as so modified affirmed, with costs to the executor and the testamentary guardian, payable out of the estate. No opinion. Kelly, P. J., Rich, Jaycox, Manning and Young, JJ., concur.

In the Matter of an Application for Leave to Enter into Possession of and to Manage and Control and Receive the Rents of the Real Property Left by MARY BERARDINI, Deceased.— Decree of the Surrogate's Court of Richmond county authorizing administrators to enter into possession of real property of decedent unanimously affirmed, with ten dollars costs and disbursements. The situation in this estate, presented by the papers, involving a quarrel between the four brothers on one side and the daughter and her husband on the other, with two partition actions commenced, with applications for receivers immediately after the mother's death and before the letters of administration were granted, presents a case for the supervision of the Surrogate's Court to prevent the loss of the estate by ill-advised family quarrels. Present — Kelly, P. J., Rich, Jaycox, Manning and Young, JJ.

In the Matter of the Application of STURMODE HOMES, INC., Appellant, for an Order Canceling of Record the Notice of the Pendency of an Action Filed by WILLIAM HELLMAN, Respondent.— Order denying motion to cancel *lis pendens* affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Rich, Jaycox, Kapper and Lazansky, JJ., concur.