AMBROSE F. TRAVERS, Respondent, *v.* THEODORE P. LAWLOR, Appellant.

First Department, June 14, 1935.

*Sydney Rosenthal* of counsel [*Sydney S. Snyder* with him on the brief; *Sydney Rosenthal*, attorney], for the appellant.

*Jacob M. Kram*, for the respondent.

PER CURIAM. There was prejudicial error on the trial of this action in admitting in evidence a letter left by plaintiff's deceased wife. The letter shows that the parties were living on affectionate terms up to the time of the wife's suicide. It also makes charges against the defendant to which the wife, had she been alive, would not have been allowed to testify. (See Civ. Prac. Act, § 349, and *Hanor* v. *Housel*, 128 App. Div. 801.) The letter was received in evidence on the theory that the contents had been admitted by the defendant's failure to make a statement in relation to its contents when it was originally shown him shortly after the death of the plaintiff's wife. In the first place, defendant was not asked to make a statement in respect to the letter. In the second place, had he been asked, he was under no duty to make any statement. Those parts of the letter bearing on the relations between plaintiff

and his deceased wife may be competent to establish such relations but under no conditions should the jury be allowed to see or hear of anything else in the letter except those passages, cr to hear any comments on the charges contained therein.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

Present — MARTIN, P. J., MERRELL, TOWNLEY, GLENNON and UNTERMYER, JJ.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.